# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS BUTLER,<br><br>    Plaintiff,<br><br>    v.<br><br>WARDEN,<br><br>    Defendant. | Case No. 1:15-cv-01048-LJO-SAB-PC<br><br>FINDINGS AND RECOMMENDATIONS THAT THIS ACTION BE DISMISSED FOR FAILURE TO PROSECUTE AND TO OBEY A COURT ORDER<br><br>OBJECTIONS DUE IN THIRTY DAYS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

On July 9, 2015, an order was entered, directing Plaintiff to complete and return to the Court a completed application to proceed in forma pauperis. (ECF No. 7.) Plaintiff was specifically cautioned that his failure to comply would result in dismissal of this action.

A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)(dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1998)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court

1  apprised of address); <u>Malone v. U.S. Postal Service</u>, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal
2  for failure to comply with court order); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir.
3  1986)(dismissal for lack of prosecution and failure to comply with local rules).

4      In determining whether to dismiss an action for lack of prosecution, failure to obey a
5  court order, or failure to comply with local rules, the Court must consider several factors: (1) the
6  public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket;
7  (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on
8  their merits; and (5) the availability of less drastic alternatives.  <u>Thompson</u>, 782 F.2d at 831;
9  <u>Henderson</u>, 779 F.2d at 1423-24; <u>Malone</u>, 833 F.2d at 130; <u>Ferdik</u>, 963 F.2d at 1260-61; <u>Ghazali</u>,
10 46 F.3d at 53.

11     Here, the Court finds that the public's interest in expeditiously resolving this litigation
12 and the Court's interest in managing the docket weigh in favor of dismissal.  The third factor,
13 risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury
14 arises from the occurrence of unreasonable delay in prosecuting an action.  <u>Anderson v. Air</u>
15 <u>West</u>, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor – public policy favoring disposition
16 of cases on the merits – is greatly outweighed by the factors in favor of dismissal discussed
17 herein.  Finally, a court's warning to a party that a failure to obey a court order will result in
18 dismissal satisfies the "consideration of alternatives" requirement.  <u>Ferdik</u>, 963 F.2d at 1262;
19 <u>Malone</u>, 833 F.2d at 132-33; <u>Henderson</u>, 779 F.2d at 1424.

20     Accordingly, IT IS RECOMMENDED that this action be dismissed for Plaintiff's failure
21 to obey a court order.

22     These findings and recommendations are submitted to the United States District Judge
23 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B).  Within thirty days
24 after being served with these findings and recommendations, Plaintiff may file written objections
25 with the Court.  Such a document should be captioned "Objections to Magistrate Judge's
26 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
27 specified time waives all objections to the judge's findings of fact.  <u>See</u> <u>Turner v. Duncan</u> 158
28 F.3d 449, 455 (9th Cir. 1988).  Failure to file objections within the specified time may waive the

right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     **December 11, 2015**                     _____
                                                  UNITED STATES MAGISTRATE JUDGE